IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STERLING CUNIO,

                Petitioner,              Civil No. 08-841-TC

        v.                               FINDINGS AND
                                         RECOMMENDATION

BRIAN BELLEQUE

                Respondent.

COFFIN, Magistrate Judge.

       Petitioner is in the custody of the Oregon Department of
Correction after convictions following a stipulated facts
trial for two counts of Aggravated Murder with a Firearm, two
counts of Kidnapping in the First Degree, and two counts of
Robbery in the First Degree.[1]  Petitioner was sentenced to two

_____

       [1]Petitioner is also in custody pursuant to the Judgment dated
May 14, 1998, for Assault in the Second Degree, an offense
committed while petitioner was incarcerated.  Petitioner was
sentenced to a term of 70 months, consecutive to the sentences he
is presently serving.  Petitioner is not challenging the assault
conviction in this proceeding.

1 - FINDINGS AND RECOMMENDATION

consecutive life sentences on the convictions for Aggravated
Murder, to two consecutive 36-month terms on the convictions
for Kidnapping in the First Degree, and to two consecutive 20-
month terms on the convictions for Robbery in the First
Degree.

Petitioner directly appealed his sentences, but the
Oregon Court of Appeals affirmed without opinion., and the
Oregon Supreme Court denied review. Exhibits 103-104 and 106-
107.

Petitioner filed a formal petition for post-conviction
relief in the Umatilla County Circuit Court, but the court
denied relief.  Exhibits 124-126.  The Court of Appeals
affirmed without opinion, and the Oregon Supreme Court denied
review. Exhibits 127-131.

Petitioner  filed a motion to correct errors in the
judgment with the Benton County Circuit Court, but the court
denied the motion.  Exhibits 132-138.

Petitioner filed a petition for writ of mandamus in the
Oregon Supreme Court, but the Court dismissed the petition.
Exhibits 144-151.

Petitioner filed a successive petition for post-
conviction relief, but the Marion County Circuit Court
dismissed the petition. Exhibits 155-156.  The Oregon Court of
Appeals affirmed without opinion and the Oregon Supreme Court

denied review, and denied reconsideration. Exhibits 157-163.[2]

Petitioner filed a petition under 28 U.S.C. 2254 alleging three claims for relief with numerous sub-parts. Petition (#1). Respondent filed a Response arguing that "most [of petitioner's] grounds were not fairly presented to the state courts and are now procedurally defaulted. The remaining grounds were correctly denied on the merits in a state-court decision that is entitled to deference under 28 U.S.C. 2254(d) and (e)(1). Accordingly, this Court should deny petitioner's request for relief." Response to Petition (#15) p. 1.

Petitioner filed a Memorandum in Support of Petition which states that "petitioner's habeas corpus action seeks enforcement of a plea bargain." Memorandum in Support (#18) p. 1. Petitioner narrows the claims alleged in his Petition (#1) to his due process and ineffective assistance of counsel claims as follows: "In Ground One, in pertinent part, he contends that he was deprived of due process when the trial court erroneously 'granted the state's post-conviction motion to dismiss charges in order to impose otherwise prohibited consecutive sentences.' In Ground Two, in pertinent part, he contends that he was deprived of the effective assistance of counsel when his trial counsel: 'failed to properly object to

---

[2]Petitioner's motion to amend judgment, successive PCR petition and petition for writ of mandamus challenged his sentence under Oregon law and under the United States Supreme Court decisions in *Apprendi* and *Blakely*, both decided after petitioner's convictions were final.

the state's post-conviction motion to dismiss charges; and
failed to interpose appropriate objections to preserve the
issues raised in the First Claim for Relief." Memorandum in
Support (#18) p. 7.

Petitioner argues that his sentences "should not be
permitted to stand because:  the prosecutor breached the plea
bargain, causing a result contrary to the specific terms
contained in the stipulation agreement prepared and signed by
the chief deputy district attorney, in violation of due
process; and petitioner's counsel did not protect him from the
breach of the agreement by filing appropriate objections and
an opposing memorandum of law pointing out the due process
violation caused by the breach of the agreement, in violation
of petitioner's right to the effective assistance of counsel."
Memorandum in Support (#18) p. 2.

These two claims are the issues briefed by petitioner's
counsel and are the issues that will be addressed herein.  The
other claims raised in petitioner's petition are properly
deemed waived and/or abandoned.  See, Renderos v Ryan, 469
F.3d 788, 800 (9th Cir. 2001) cert. denied 2000 U.S. LEXIS 8289
(U.S. June 25, 2007) [claims waived where there is no attempt
to prove them]; see also, Acasta-Huerta v. Estelle, 7 F.3d
139, 144 (9th Cir. 1993) [claims deemed abandoned where
petitioner made no argument regarding them in his brief].

The relevant facts are as follows:  An eight-count
indictment charged petitioner and his co-defendant with two

counts of aggravated murder, aggravated felony murder, first degree kidnapping, and first degree robbery. Exhibit 103, attachment 1.

On July 22, 1994, petitioner signed a "Stipulation of Facts" in which he agreed and stipulated that he committed acts which were "sufficient to prove all charges alleged in the indictment" and waived his right to trial by jury. Exhibit 117, p. 3-4. At a Waiver of Jury and Stipulated Facts Hearing held that same day, petitioner agreed that the "State had not offered any concession" except for not calling petitioner as a witness against his co-defendant. Exhibit 30, Waiver of Jury and Stipulated Facts Hearing, p. 4. The court accepted the waiver and found petitioner guilty of all eight charges. Id, at 6.

On July 26, 1994, the trial court signed an order indicating that petitioner had appeared for trial and waived his right to a trial by jury. The order further stated that "[t]he Court received facts as stipulated by the parties," and found petitioner guilty of all counts alleged in the indictment. Exhibit 118, Trial Order p. 1.

In a letter dated August 3, 1994, the trial judge requested that the parties "be prepared to discuss at sentencing whether or not any of the kidnapping or robbery charges merge with the felony murder counts as lesser included offenses. Please review State v. Tucker, 315 Or 231 (1993) at Page 331." Exhibit 123. In State v. Tucker the Oregon

Supreme Court held that an individual convicted of aggravated felony murder and lesser included underlying felonies cannot be given separate sentences for the underlying felonies.

On August 25, 1994, the court held the first part of a joint sentencing hearing. That same day, the state filed a motion to dismiss counts III and IV (the aggravated felony murder counts). Exhibit 121.

On August 29, 1994, before the court held the second part of petitioner's sentencing, defense counsel filed an Objection to Criminal History Score in PSI. Exhibit 120. Counsel did not file a written objection or response to the court's August 3 letter or the prosecutor's motion to dismiss Counts II and IV.

On August 29, 1994, the court held the second part of petitioner's sentencing. It indicated that the sentencing was pursuant to the verdicts previously returned finding petitioner guilty "of the various charges under the Stipulated Facts." Transcript Designation (#30), Transcript of Sentencing Proceeding Vol. I, P. 1. The court indicated that the state's motion to dismiss Counts III and IV was still pending. Id, P. 4.

The prosecutor explained that the purpose of the motion to dismiss was "that the State thinks the defendant should be incarcerated for as long a period of time as the law will allow. And we are asking for consecutive sentences for the maximum amount for the charges of Kidnap in the First Degree

and Robbery in the First Degree. And so to avoid those merging
into the Aggravated Felony Murder Counts the State is moving
to dismiss Counts III and IV. <u>Id</u>., p. 5.

> Defense counsel responded:
>
> > I guess I would like to make it known at this
> > time that we would object, and I - - the only
> > grounds I can come up with I would say, is
> > timeliness of the State to move to dismiss counts
> > III and IV regarding the aggravated felony murders.
> >
> > I also think it's potentially prejudicial of
> > Mr. Cunio because we will have some discussion with
> > the issue of merger of the underlying burglary and,
> > or robbery and kidnapping counts in regards to Mr.
> > Dahl, as they will, I believe, merge into the
> > Felony Murder Count and possibly into the remaining
> > Aggravated Murder count involving Mr. Dahl.

<u>Id</u>., p. 7

The court then granted the state's motion to dismiss, and
proceeded to sentence petitioner to consecutive life sentences
for the aggravated murders, and to consecutive sentences
totaling 300 months for the underlying felonies (First Degree
Robbery and First Degree Kidnapping). <u>Id</u>

<u>Ground One - Breached plea bargain / due process:</u>

Petitioner alleges that pursuant to a "plea bargain" he
"agreed to waive his right to trial by jury and be tried
pursuant to stipulated facts that would result in his
conviction for two counts each of aggravated murder,
aggravated felony murder, first degree kidnapping, and first
degree robbery. In return, the state agreed to forego calling
the petitioner as a witness against his co-defendant."
Memorandum in Support (#18) p. 1. Petitioner claims "the

prosecutor breached the plea bargain, causing a result
contrary to the specific terms contained in the stipulation
agreement prepared and signed by the chief deputy district
attorney, in violation of due process.  Id., p. 2.

A state prisoner must exhaust all available state
remedies either on direct appeal or through collateral
proceedings (eg. state post-conviction relief) before a
federal court may consider federal habeas corpus relief. 28
U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842
(1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring
dismissal of federal petition unless all available state
remedies as to all federal claims are exhausted]. The essence
of the requirement is that no state remedy exists at the time
the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982).
A prisoner satisfies the exhaustion requirement by "fairly
presenting" his claims to the highest state court with
jurisdiction to consider them, thereby affording the state
courts the opportunity to consider the allegations of legal
error and correct any violations of its prisoner's federal
rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan
v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this
requirement is satisfied when the claim is fairly presented to
the state supreme court. Peterson v. Lampert, 319 F.3d 1153,
1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in
the state court proceeding both the operative facts and the

legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

At petitioner's sentencing hearing, his attorney objected to the state's motion to dismiss the two aggravated murder counts on grounds of "timeliness" and because it was "potentially prejudicial" to his client because of the possible merger issue. Exhibit 30, Transcript of Sentencing

Proceeding Vol I, p. 7.  However, he made no argument that the dismissal violated the terms of a "plea bargain" or the stipulated facts agreement.  In objecting to the state's consecutive sentencing recommendations, counsel did not argue that the state was breaching any agreement that only concurrent sentences would be imposed. Exhibit (#30), 246-47, 253-54, 262-71). On direct appeal, appellate counsel did not assign error to any "breach of agreement."

In his Formal Petition for Post-Conviction Relief petitioner alleged:  "The Court failed to insure that Petitioner receive a fair and impartial stipulated facts trial, in particular, at the sentencing, the district attorney's motion to dismiss the Murder charges against Petitioner was granted.  Petitioner agreed to a stipulated facts trial with the understanding that the Kidnap and Robbery charges would be merged with the Murder conviction."  Exhibit 108, p. 3-4.

Petitioner further alleged a claim of prosecutorial misconduct as follows: "Petitioner was denied a fair trial by the prosecution when the district attorney engaged in misconduct that severely prejudiced Petitioner's Constitutional rights which was a substantial violation of Petitioner's rights and is prosecutorial misconduct. (sic) More specifically: ... (B) Moved for dismissal of the Felony Murder charges at the time of sentencing which resulted in an increase in Petitioner's sentence." Exhibit 108, p. 5-6.

Petitioner argued in his PCR Trial Memorandum: "[p]etitioner agreed to waive his right to a jury trial, and instead entered into a stipulated factual agreement, whereby the state established his responsibility for the above crimes. ... Petitioner's agreement was premised on his counsel's statement that all of his charges would merge, and that he would receive a sentence of approximately 15 - 16 years because no minimum sentence could be imposed on him." Exhibit 109, p. 2. However this argument was in the context of petitioner's ineffective assistance of counsel claim. Petitioner did not specifically argue trial court error or prosecutorial misconduct based on the alleged breach of a plea agreement in his PCR Trial Memorandum. Id.

The PCR court found that "[p]etitioner's claim of prosecutorial misconduct is the sort of claim petitioner could reasonably be expected to raise during the underlying proceedings." Exhibit 125, p. 6.   The court concluded that "[p]etitioner's claims of trial court error and prosecutorial misconduct are barred by ORS 138.50(2), Palmer v. State of Oregon, 318 Or 352 (1984), Lerch v. Cupp, 9 Or App 508 (1972), and Hunter v. Maass, 106 Or App 438 (1991)." Id.

The state court interpretation of Oregon law is not reviewable in federal habeas corpus. Estelle v. MCGuire, 502 U.S. 62, 67-68 (1991). Thus, the PCR court conclusion that under *Palmer v. State of Oregon* petitioner's claims of trial court error and prosecutorial misconduct should have been

raised on direct appeal is binding on this court.

Thus, assuming that petitioner's PCR claims can be construed as including the breach of plea agreement claim alleged in this proceeding, it was not presented to the state courts in the proper procedural context where its merits would be considered. Thus it is procedurally defaulted under the exhaustion principles discussed above.

Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Assuming that petitioner's breach of agreement is properly before the court, I find that it fails as a factual matter.

Under 28 U.S.C. 2254(d)(2), "(f)actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller v.Cockrell, 537 U.S. 322, 340 (2003); see also, Woodford v. Visciotti, 537 U.S. 19 (2003) (the ADEPA sets out a "highly deferential standard" for evaluating state court rulings).

The post-conviction court found:

20. The State's request to dismiss two of petitioner's convictions did not change the terms of petitioner's agreement to a stipulated facts trial.

21. Petitioner did not establish he would have not proceeded with a stipulated facts trial but for his alleged belief the felony murder convictions would not be dismissed.

22. The record reflects that neither the trial
court or trial counsel were positive petitioner's
convictions would merge if petitioner's convictions
for Felony Murder were dismissed. Accordingly,
petitioner's contention his decision to proceed
turned on a belief his Felony Murder would not be
dismissed and his understanding that all his
convictions would be merged is not credible.

* * *

25. The prosecutor did not violate the agreement
reached by petitioner and the State by requesting
that the court dismiss petitioner's two convictions
for Felony Murder.

Exhibit 125, p. 5-6.

These factual finding are presumed to be correct and
entitled to deference by this court because petitioner has not
presented any clear and convincing evidence to the contrary.
In addition, they are supported by the record before this
court.

Petitioner alleges that pursuant to the stipulation of
facts agreement the parties "also agreed that the court would
enter judgment finding petitioner guilty of all eight crimes."
Memorandum in Support (#18) p. 2. Petitioner's contention in
this regard is not supported by the record.

Although the stipulation was signed "with the express
understanding that the facts are sufficient to prove all
charges alleged in the indictment," Exhibit 117, p. 3, the
stipulation includes no express or implied agreement that the
court would find petitioner guilty of all eight crimes. There
is nothing in the record before the court that would establish
the prosecutor made a promise that petitioner would be

convicted of all eight counts so that his convictions would merge for sentencing.[3]

As a preliminary matter, it should be noted that petitioner did not enter into a "plea agreement." The parties agreed that in exchange for a stipulated facts trail, the prosecutor would not call petitioner to testify against his co-defendant. This agreement was not in exchange for a plea. The court found petitioner guilty based on the stipulated facts.

The agreement was clear: in exchange for petitioner's waiver of his right to a jury trial, the prosecutor agreed not to call petitioner to testify against his co-defendant. No other promises were made. See, Exhibit 128, Appendix - Waiver of Jury and Stipulated facts Hearing, p. 4.

The court specifically advised petitioner: "Now, [the prosecutor] indicated that the State had not offered any concessions for you - to you, for dealing with this except for not calling you as a witness against Mr. Hill. Have any promises that you are thinking or feeling that are involved here?" Petitioner replied: "No, your Honor." Id.

Because no other promises were made, there were none to breach. Petitioner's argument in this proceeding seeks to imply an agreement that petitioner would be convicted of all

---

[3]It could be reasonably inferred that the merger issue did not occur to either the prosecutor or defense counsel until raised by the court's August 3, 1994, letter requesting that the parties be prepared to discuss the issue after reviewing State v. Tucker.

counts thereby enabling the sentences to merge under Oregon law.  I find that if the parties intended such a term or any agreement that the prosecutor would be limited to seeking concurrent sentences, it would have been expressed and explicit.[4]

The record reflects that in the face of overwhelming evidence, petitioner agreed to waive his right to jury trial in exchange for the prosecutor's promise not to call petitioner as a witness against his co-defendant. It is clear that no other promises, express or implied, we made or breached. Therefore, petitioner Ground One fails as a factual matter and his request for "enforcement of a plea bargain", Memorandum in Support (#18) p. 1,  should be denied.

Ground Two - Ineffective assistance of Counsel:

Under Strickland v. Washington, 466 U.S. 668 (1984), a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.  Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness.  Strickland,

---

[4]To the extent that case law applicable to guilty pleas may be relevant, it is clear that any promise by a prosecutor to induce a guilty plea "must in some way be made known." Santobella v. New York, 404 U.S. 257, 261-262 (1971).

<u>supra</u> at 688.   The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694.   A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>

Petitioner argues that his attorney "did not protect him from the breach of the [plea] agreement by filing appropriate objections and an opposing memorandum of law pointing out the due process violation caused by the breach of the agreement, in violation of petitioner's right to effective assistance of counsel."   Memorandum in Support (# 18) p. 2.   "Trial counsel never raised a due process objection.   He never argued that the state's motion amounted to a breach of the plea bargain." <u>Id</u>., p. 19.

Petitioner alleged in his Formal Petition for Post-Conviction Relief that defense counsel failed to: "(J)   Make appropriate motions and objections, including but not limited to the district attorney's motion to dismiss charges after petitioner had already been convicted thereby changing the terms of Petitioner's agreement to a stipulated facts trail. Exhibit 108, p. 5.   However, petitioner did not argue this claim to the court.

Petitioner alleged in his post-conviction trial memorandum that his ineffective assistance of counsel "claim relates to the adequacy of his trial attorney in advising him

of the effects of his guilty plea." Exhibit 109 p. 3.

Specifically, petitioner argued:

1. Petitioner's right to effective assistance of
counsel was violated when trial counsel failed to
ensure    that    petitioner    understood    the    full
potential  of  incarceration  resulting  from  his
agreement to proceed pursuant to a stipulated facts
trial.

2. Petitioner's agreement to waive jury, his right
to confrontation, compulsory process and appeal of
his conviction and sentence was not knowing and
voluntary because he did not know that he could
receive  consecutive  sentences  of  280  months  in
addition  to  his  life  sentence  for  aggravated
murder.

<u>Id</u>.

Thus, although petitioner alleged a claim about his

attorney's  failure  to  object  to  "changing  the  terms  of

Petitioner's agreement" in his PCR petition, he did not argue

the facts or legal theory of that claim to the court.

Moreover, on PCR appeal petitioner argued:  "Petitioner

now claims that his waiver was not knowing and voluntary

because  he  was  not  aware  of  the full potential of

incarceration which he could receive when he agreed to the

stipulated facts trial."  Exhibit 127, p. 5.

Petitioner  never  claimed  in  his  PCR  appeal  that  his

attorney  was  ineffective  for  failing  to  object  to  the

dismissal of the counts on the ground that it breached a plea

agreement in violation of petitioner's due process rights.

Petitioner claimed his attorney was ineffective for failing to

adequately advise him regarding the possible consequences of

his waiver of jury trial.

17 - FINDINGS AND RECOMMENDATION

In order to fairly present a claim to state courts, a petitioner must provide them with "both the operative facts and the federal legal theory on which his claim is based so that the state courts could have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005).

However, petitioner did not describe to the PCR appeals court "the operative facts and the federal legal theory" of a ineffective assistance of counsel claim based on his counsel's failing to object to a breached plea bargain. Therefore, petitioner did not fairly present this claim to the Oregon courts as required by the exhaustion of remedies principles set forth above it is not properly before the court in this proceeding.

Assuming *arguendo* that petitioner's PCR claims can be construed as encompassing the ineffective assistance of counsel claim he raises in this proceeding, I find that it fails on the merits.

As discussed above, petitioner has not established a plea bargain or that the prosecution or the court breached any agreement with petitioner. Counsel cannot be held to have rendered ineffective assistance for failing to object to the alleged breach of a agreement that was not breached.

I find that petitioner's claim that his attorney was ineffective for failing to object to the dismissal of charges

on the ground that it breach a plea agreement was not fairly presented to the Oregon courts. Petitioner has not established cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. I further find that if petitioner's claim in this regard is properly before the court, it fails as a factual matter because petitioner has failed to establish that the prosecutor or court breached any agreement with petitioner. Therefore, petitioner has failed to establish that his counsel's fell below an objective standard of reasonableness or that he was prejudiced by his counsel's conduct.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 16ᵗ day of July, 2010.

_____
Thomas M. Coffin
United States Magistrate Judge